UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:17-CR-00492 |
| | ) | |
| Plaintiff, | ) | SENIOR JUDGE |
| | ) | CHRISTOPHER A. BOYKO |
| vs. | ) | |
| | ) | |
| TAE'VONTAE MILES, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, SR. J.:**

      Defendant was sentenced to 21 months imprisonment in March 2022 after the Court found he had violated the terms of his supervised release.  (Doc. 159.)  His violations stem from being charged in Canton, Ohio with Felonious Assault, Domestic Violence, Disrupting Public Service, Aggravated Menacing and Child Endangerment.  He had also failed to attend his mandatory mental health treatment.

      This matter is now before the Court on Defendant's letter motion requesting the Court place him in a halfway house or home arrest/ankle monitor for the remainder of his sentence. (Doc. 179.)  Defendant alternatively requests the Court "knock a couple months of [his] sentence."  (*Id.*)  For the following reasons, Defendant's motion is **DENIED.**

      As an initial matter, the Sentencing Reform Act of 1984 established a system of determinate sentencing and prohibited a court from modifying a term of imprisonment once it had been imposed except as authorized in 18 U.S.C. § 3582(c).  Defendant has not demonstrated that he meets any of the exceptions contained in § 3582(c) which would allow the Court to

1

modify his sentence, nor does he show that Federal Rule of Criminal Procedure 35 applies to allow this Court to correct or reduce his sentence. Accordingly, the Court is without authority to reduce Defendant's sentence.

Similarly, Defendant's request that he be placed in a halfway house or on home confinement is beyond the scope of the Court's authority. Placement of prisoners is the purview of the Bureau of Prisons, not this Court. *See* 18 U.S.C. § 3621(a) & (b) ("Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability"); *see also Provenzale v. Farley,* No. 1:11cv1318, 2012 U.S. Dist. LEXIS 43352, at *7 (N.D. Ohio Mar. 29, 2012) (denying writ of habeas corpus for placement in a halfway house and finding prisoners have no constitutional right to be confined to a particular institution).

Accordingly, the Court is without authority to grant Defendant's letter motion. Defendant's motion is **DENIED.**

    **IT IS SO ORDERED.**

    /s Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**

**Dated: February 13, 2023**