UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:17-CR-00492 |
| | ) | |
| Plaintiff, | ) | SENIOR JUDGE |
| | ) | CHRISTOPHER A. BOYKO |
| vs. | ) | |
| | ) | |
| TAE'VONTAE MILES, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, SR. J.**:

  This matter is before the Court on Defendant's Motion to Declare Counsel as Ineffective. (Doc. 181.)  While it is not explicit, Defendant's motion appears to be related to the sentence imposed on revocation of Defendant's supervised release after charges were brought against him in Canton, Ohio after a domestic violence incident.  Defendant has moved the Court to "vacate and remand sentence for further proceedings" on the basis that his counsel refused or failed to call the alleged victim to testify after she recanted her testimony.  Defendant contends counsel's refusal rendered counsel ineffective and a violation of his Sixth Amendment rights.  (*Id.*)

  Defendant does not identify the authority under which he has moved the Court to "vacate and remand" his sentence.  However, "ineffective-assistance-of-counsel claims are more appropriately reserved for post-conviction proceedings brought under 28 U.S.C. § 2255." *United States v. Wortham,* No. 19-2117, 2020 U.S. App. LEXIS 25361, at *7 (6th Cir. Aug. 10, 2020).

  A district court cannot construe a prisoner's filing as arising under § 2255 unless it notifies the inmate of its intention to do so and advises him of the potential consequences.

*Castro v. United States,* 540 U.S. 375, 382, 124 S. Ct. 786, 157 L. Ed. 2d 778 (2003); *accord In re Shelton,* 295 F.3d 620, 622 (6th Cir. 2002).  One of the consequences is that any subsequent § 2255 motion would be subject to the restrictions on a "second or successive" motion, as set forth in 28 U.S.C. § 2255(h).  *Castro,* 540 U.S. at 383.  Defendant is therefore **ORDERED** to file a statement indicating whether he wishes the Court to construe his Motion to Declare Counsel as Ineffective as a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Defendant's statement is due within 28 days of entry of this order.

**IT IS SO ORDERED.**

/s  Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**

**Dated: February 13, 2023**